CASE.                **Woodrow** *vs* **Davis** *et al.*

*Case 96.*          ERROR TO THE GREENUP CIRCUIT.

                *Fraud. Possession. Creditors and purchasers.*

*April 28.*     CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The possession of the vendor of personal property after an absolute sale is, *per se,* fraudulent against subsequent creditors as well as subsequent purchasers.

In this case the only question for revision is, whether the continued retention of the possession and use of a slave by a vendor, under a contract of hire, though as ostensible owner, after an absolute sale of the title by him to another, should be deemed, *per se,* fraudulent as to the subsequent creditors of such vendor, *who became such whilst that possession was continued.* That *such* subsequent creditors are as much entitled to protection as subsequent purchasers under the like circumstances, there can be no reason to doubt, either on principle or authority. The apparent ownership may be equally delusive to each class; and no doctrine has been more conclusively settled in this State, by adjudged cases, or more invariably recognized and applied, than that which denounces such a continued possession of a movable as a fraud, conclusive and intraversable, so far as *such bona fide* creditors and purchasers may have been affected thereby.

Nevertheless, a very elaborate, able and eloquent argument has been made to us against this legal doctrine in this case, and we have been invoked, by the example of the martyred *Gallileo,* to renounce and extirpate it as a juridical heresy, inapplicable to our institutions, inconsistent with the harmony of law, and pestilent as an *Upas* in the field of jurisprudence.

But this invocation has not been addressed to the proper department. Though the judiciary reconciles discordant doctrines, and sometimes educes a new doctrine from the reason of the law, and, in that way, may be considered as often *making law,* yet, when a doctrine of the law has been long established by an unbroken chain of judicial recognitions, tacitly sanctioned by the legisla-

tive department, this Court cannot repeal or elude it, however arbitrary or anomalous it might seem to be.

The rule of law we are now considering is too matured and deeply-rooted in Kentucky to permit this Court to attempt its extirpation. In this respect it may be unlike the modern British doctrine as to the constructive fraudulency, *per se,* of voluntary conveyances.

As the Circuit Judge applied, in this case, the law we are now recognizing, as to movable property, and as the facts exhibited were indisputable, we feel constrained, as judges, to affirm the judgment.

*Hord and D. Trimble* for plaintiff; *Beatty* for defendants.